17-1502-cr
United States v. Praias

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand eighteen.

PRESENT:     PETER W. HALL,
             CHRISTOPHER F. DRONEY,
                      *Circuit Judges*,
             TIMOTHY C. STANCEU,*
                      *Judge*.

----------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee*,

        v.                                                         No. 17-1502-cr

ANGELO PRAIAS,

        *Defendant-Appellant*.

----------------------------------------------------------------------

For Appellant:              Molly K. Corbett and James P. Egan, Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender, Albany, New York.

For Appellee:               Rajit S. Dosanjh, Assistant United States Attorney, Jeffrey C. Coffman, Assistant United States Attorney of Counsel, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, New York.

---

* Timothy C. Stanceu, Chief Judge for the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on April 25, 2017, is **AFFIRMED**.

Defendant Angelo Praias ("Praias") appeals from a judgment of the district court revoking his term of supervised release and sentencing him to eight months imprisonment to be followed by ten years of supervised release. On appeal, Praias challenges only a special condition of his supervised release prohibiting him from viewing, possessing, owning, subscribing to, or purchasing any materials depicting sexually explicit conduct, as defined in 18 U.S.C. § 2256(2). Praias argues that the district court plainly erred by "imposing an adult pornography ban that bears no relation to any relevant sentencing factor and deprives Praias of more liberty than is reasonably necessary to fulfill the purposes of sentencing." Appellant's Br. at 11. According to Praias, although his underlying offense involved "sexual acts, there is no evidence that adult pornography played any part in the prior criminal conduct." *Id.* at 16. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

At sentencing, Praias did not object to the supervised release condition prohibiting his access to sexually explicit material. We therefore review for plain error. *United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003). Pursuant to 18 U.S.C. § 3583(e), a district court may, after considering the factors set forth in § 3553(a), revoke a defendant's term of supervised release and require the defendant to serve a term of imprisonment. Section 5D1.3(b) of the Guidelines authorizes district courts to impose special conditions of supervised release

> to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant;

2

(B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3(b); *see also* 18 U.S.C. § 3583(d); *United States v. Myers*, 426 F.3d 117, 123–24 (2d Cir. 2005). District courts enjoy "broad discretion to tailor conditions of supervised release to the goals and purposes outlined in § 5D1.3(b)." *United States v. Amer*, 110 F.3d 873, 883 (2d Cir. 1997) (quoting *United States v. Abrar*, 58 F.3d 43, 46–47 (2d Cir. 1995)).

We hold that prohibiting Praias from viewing and possessing adult pornography is reasonably related to "the nature and circumstances of the offense," the "history and characteristics of the defendant," "the need to protect the public from further crimes of the defendant," and involves no greater deprivation of liberty than reasonably necessary under the circumstances. U.S.S.G. § 5D1.3(b); 18 U.S.C. § 3583(e).[1] In his underlying offense, Praias transported the minor victim from Kentucky to his home in New York where he sexually abused her over the course of three days. During that time, Praias took pictures of the victim's naked genitals and downloaded them to his computer. Praias further victimized the girl by showing her pornographic images of minor girls, including images depicting minor girls engaged in bestiality.

---

[1] Praias argues that the adult pornography restriction is inappropriate where the district court did not make factual findings connecting the adult pornography ban and Praias's underlying federal offense. We do not need to resolve whether the district court was required to make factual findings on the record supporting the pornography condition because, in any event, the reason for the condition is "self-evident in the record." *See United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004) (assuming any error attributable to the district court's failure to articulate reasons for its conditions of supervision was harmless because "the reason for such conditions [was] self-evident in the record").

3

This conduct demonstrates an unquestionable relationship between Praias's criminal conduct and his use of pornography. *See Simmons*, 343 F.3d at 82 ("Given that [the defendant] often videotaped his sexual attacks upon his victims, it was reasonable for [the district judge] to conclude that there was a connection between [the defendant's] viewing and possessing sexually explicit material and his criminal behavior.").

In addition, Praias has consented to or urged upon the district court the very supervised release condition that he now contests. First, in 2011, Praias agreed to a supervised release condition similar to the one that he claims the district court erred in imposing. Second, after pleading guilty to violations of supervised release, Praias urged the court to impose on him the "most restrictive" supervised release conditions to avoid further incarceration. App'x at 49. Praias's prior willingness to submit to the condition he now challenges further underscores our conclusion that the district court did not plainly err when it imposed the condition. In light of this history, any error by the district court did not seriously "affect[] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir. 2001) (en banc).

This condition involves no greater deprivation of liberty than is reasonably necessary considering Praias's unwillingness to comply with the terms of his supervised release. While on supervision, Praias was subject to computer monitoring without reasonable suspicion and was prohibited from associating with minors. Despite these restrictive conditions, Praias admitted to viewing videos involving a woman engaged in sexually suggestive conduct with an animal and possessing unauthorized computer devices. Praias further admitted to having unauthorized contact with minors. It was therefore reasonable for the district court to provide Praias further

4

incentive to avoid consuming sexually explicit materials. There was no error, much less plain error. *United States v. Johnson*, 529 F.3d 493, 502 (2d Cir. 2008) ("[P]lain error is reserved for 'those circumstances in which a miscarriage of justice would otherwise result.'" (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

We have considered Praias's remaining arguments on appeal and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court